UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14051-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENVONTE JAVON GASKIN,

    Defendant.
_____/

REPORT AND RECOMMENDATION ON THE PETITION
FOR WARRANT FOR OFFENDER UNDER SUPERVISION (DE 33)

**THIS CAUSE** came before me for an evidentiary hearing on September 16, 2025. At that time, the Defendant indicated to me that he did not wish to contest the violations alleged in the Petition for Warrant for Offender Under Supervision (the "Petition") (DE 33). The Government proffered its evidence, and I questioned the Defendant under oath to make sure he understood the violations, the possible penalties, and his right to an evidentiary hearing. Having done so, I respectfully recommend as follows:

    1.    The Petition alleges eight violations of supervised release. Violation Number 1 alleges the Defendant violated a mandatory condition of his supervision by committing the offense of possession of a firearm by a convicted felon in violation of FL ST 790.23(1)(A) on or about March 13, 2025. Violation Numbers 2, 3, and 4 allege the Defendant violated a standard condition of his supervision by associating with convicted felons D.O., T.W., and T.J. Violation Numbers 5, 6, and 7 allege the Defendant violated a special condition of his supervision by associating with known gang members while on supervised release, specifically D.O., T.W., and T.J. Violation

Number 8 alleges the Defendant violated a special condition by being unemployed for a term of more than thirty days since September 4, 2024.

2. The Government proceeded by proffer. The Government's witnesses were available for cross-examination.

3. The Defendant did not seek to cross-examine any witnesses and did not present any witnesses or evidence. I advised the Defendant of his rights in this regard, and Defendant agreed that he did not wish to cross-examine witnesses or present any witnesses or evidence.

4. I have considered the Government's proffer, which was admitted without objection or cross-examination, and find that it establishes by a preponderance of the evidence that the Defendant committed Violation Numbers 1 through 8.

5. The possible maximum penalties faced by the Defendant were read into the record, and the Defendant stated that he understood those penalties.

6. The parties agreed to jointly recommend a sentence of 51 months' imprisonment, to be served concurrent with any corresponding state sentence, with no further supervised release to follow. I explained to the Defendant that, although the parties may agree to make recommendations, such recommendations are not binding on the probation office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept this or any other sentencing recommendation.

**ACCORDINGLY**, I recommend to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 1 through 8, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter. The parties shall have 14 days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States

District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 17th day of September, 2025.

SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE